2-17-1004, the people of the state of Illinois, from the state of Detroit, to David Cox, the President of Texas, are here in Montgomery, Texas, on behalf of the state of Illinois, and we have the pleasure to introduce Mr. James M. Lewis. Good morning, Your Honors. Good morning. May it please the Court, my name is Yasmin Eakin, and I represent the appellant David Cox. Mr. Cox was found guilty of driving under the influence of alcohol, the blood alcohol content of 0.08. The only issue is whether the state's evidence was sufficient to prove that he was in actual physical control of the vehicle. Of course, the principles for reviewing the sufficiency of the state's evidence are well established. Mr. Cox's constitutional rights to due process protect him from being criminally convicted without proof beyond a reasonable doubt, and it's the state's burden to prove each element of the charge defense. So here we have the dependent walking from the open driver's door of the truck to the rear of the truck. The engine is running, the lights are on, the keys are in the ignition. How did he, in that position, not have the capability or the potential to operate this vehicle? I think in determining whether he had the capability, whether he had the intention is not relevant. But if you look at what the factors are in determining actual physical, to determine actual physical control, you know, it's very case specific. Right. And one thing I would say is that although the cases have found that the defendant doesn't necessarily have to be in a driver's seat. Of course. If you look at IPI 23.43, it does define actual physical control as the defendant being in a vehicle and in a position to exercise control over it by starting its engine and causing it to move. Well, but the cases have been broader than that in the language used. The cases have, I mean, you have. Well, someone was in an accident and was a couple blocks away having driven an SUV that was in an accident, and there are more facts that I'm not elaborating, but the court there found that he was in physical control. So I mean, that's, you know. Actually, Your Honor, that case is this court's case of People v. Slinkard. And if you look at that case closely, the court found that an accident occurred and shortly thereafter, the defendant was found near a SUV that was registered to him. And the holding was not that he was in actual physical control. The holding was the evidence was sufficient to find that at the time of the accident, he was the driver. Then they went on to find, you know, the defendant argued, but there was no evidence I was in actual physical control. And they necessarily found that if there was enough evidence to find that he was the driver, then there was enough evidence to find that he was, of course, in actual physical control of the vehicle. Well, so are you saying because there was another person there, a passenger, that the defendant was not in a position to be in physical control of this vehicle? No, I'm not saying that about Slinkard at all. No, not about Slinkard, about our case. In this case, I would say that all the factors that show that a person is in actual physical control actually support a finding that Mr. Cox was not in actual physical control beyond a reasonable doubt. Okay, well, we have the two additional factors I didn't mention. One, there was an additional key found in his pocket, and two, he admitted on the video that he owned the vehicle. Your Honor, those facts were not in evidence. Those facts were not in evidence, and my reply brief discusses that. And the court found that there was no proof of ownership of the vehicle presented. The court found that the State's evidence did not prove beyond a reasonable doubt that Mr. Cox drove the vehicle. I mean, the court specifically made a finding that there was no proof presented of ownership of the vehicle. The State never argued anything about those statements below. They did not introduce those statements into evidence. The video was in evidence. But the video wasn't presented at trial. The video, those statements were not presented at trial. The court reviewed the video, and we presume that the court considered all of the evidence in determining that the defendant was guilty beyond a reasonable doubt, correct? We presume that the court considered all the admissible evidence that was presented to him. Those statements, if you consider those statements, that would be a violation of my client's due process rights. How is that? When the court says no evidence of ownership, we don't know whether the court meant documentary proof or what the court meant, do we? The court said, I'm going to watch the video, and the defendant consented to the court viewing the evidence or looking at the video, correct? Consented the court looking at the video for purposes of what Officer Wald testified to, which was the field sobriety test. And, in fact, in the court's findings of guilt, the court only discussed the video in the context of the field sobriety test. The court did not make any findings whatsoever as to any of the statements on the video. And, in fact, the court couldn't. There was no foundation laid for the statements on the video. The only thing the foundation was laid for. Was there a foundation objection to the video? No, but there was no foundation laid for the sound recording. There is no foundation laid for the video. So she didn't forfeit that. Well, wait. The questions that were asked in that were fairly broad. It was, you know, Deputy, when you conducted this traffic stop, did you have a video? Did that video record the incident, which would mean the traffic stop, correct? Right. But nobody testified as to those statements on the video. Deputy Brower testified that he didn't even testify. He did not even testify that he spoke to the defendant. He testified that he spoke to Philip Detart, and he didn't testify to the contents of that. He didn't testify to the search of the defendant. Well, wait, wait, wait. If I say there's a video of an incident and it truly and accurately depicts the incident, and I testified to some things that happened during the incident, you're saying that the video is only admissible as to those specific things I testified to but not overall? Yes, at trial. That's what it was admitted for. It was admitted for Deputy Wohl's conducting of the field sobriety test. That was absolutely the understanding. That's the only thing the court ---- Point to the record where it says it was admitted for a limited purpose. There is no part that it was in the record. But on appeal, this court cannot fill in the gaps of the State's evidence. With evidence? I thought we could affirm on any basis in the record. Not for reasonable doubt. Not for reasonable doubt. How is it fair to the defendant that the trial court found there was no proof of ownership? Nobody relies on these statements. The court doesn't rely on it as finding of guilt. The State doesn't rely on it as proof that ---- Well, that's the question. I mean, how much can we rely on? You can't. The State doesn't rely on it. Wait, wait, wait. Just because the State doesn't rely on a piece of evidence, an argument, or a trial, then we can't rely on it even though it's properly in evidence? Let's assume for a minute that the global video is properly admitted. We can't rely on anything on that unless the State relies on it? Because that's the State's theory. The State's theory at trial was not that, oh, and by the way, he also made these statements saying, this is my truck. That wasn't the State's theory at trial. The State's theory at trial was that the evidence was sufficient because he was outside the truck on the driver's side. If now on appeal we say, oh, and the State's theory is also that he made these statements and we can consider that too, my client didn't get a chance to rebut that. He didn't get a chance to rebut that theory. That's a violation of due process. Well, isn't ownership of the vehicle in the case law part of analyzing actual physical control? Absolutely, and if the State could have presented ownership of the vehicle, the State could have presented that evidence. How easy would it have been for them to present that evidence? Is there a case, do you have a case that says a reviewing court may not consider evidence that's actually in the record in determining whether or not there's proof beyond a reasonable doubt? Yes, I have. What is the case that says that? I have the cases that I cite in my brief from the Illinois Supreme Court that say when the evidence is not presented at trial, and I would say that this evidence was not presented at trial. To lay a foundation for statements in a video, you have to identify the speakers on the video, the person has to testify as to the interaction between the persons, and then it's admissible. There was none of that here. And so I can't fault defense counsel for assuming that those would not be admitted since there was no proper foundation laid for their admission. And in terms of, if you look, I look at your reply brief, I cite several cases dealing with this. In fact, my entire reply brief is pretty much dealing with this issue. Evidence that was not before the trier of facts should not be used by the reviewing court to determine the sufficiency of the evidence on appeal. People v. Clinton, 397LF215. There's no question that you are correct, but this video was before the trier of facts. And the court did not rely on those parts of the video for very good reason. No foundation was laid for it. The court specifically found that there was no proof of ownership. When the State even tried to argue that it was the defendant's vehicle, defense counsel objected during closing arguments, and the court said, There is no proof of ownership of the vehicle. And the State itself said that's correct. The State conceded that there was no proof of ownership. They never tried to use those statements. Again, also, presenting a new theory of Mr. Cox's guilt on appeal, which is what that would be, that violates his due process right. And had the court actually used those statements to resolve this actual physical control issue against Mr. Cox, because the court viewed it outside of Mr. Cox's presence, and so therefore didn't have any opportunity to contest this inadmissible evidence. Well, I mean, it's almost as if you're arguing that the defense attorney was not in error for consenting to the court viewing it outside his presence. Because she was consenting to evidence where the foundation had been properly laid for admission of a video recording. Interactions between the defendant and the police officer with respect to performance on field sobriety tests. But that is the same individual who's performing those tests who's also making the admissions to his car and the keys in his pocket. It's all during that same video. So how is there not a foundation for the exchange with respect to what he says as opposed to what he does? It's the same person. Because admission of the sound on the video has to be, the person has to testify, identify the speakers, and then testify as to what was said. When you introduce a video and there is a foundation, the police officer and the defendant performing, what else is missing? Performing the field sobriety test. But nobody testified to the interaction. The field sobriety tests include providing instruction, responses, and then performance. It's both voices and physical observation. Sure, absolutely, as to that portion of the video. That's right. She did identify that I was speaking to Ed. Sorry, I apologize. And I will say that the court actually did make a comment that during that portion of the video, he had difficulty discerning what was said. So how can there be any reliability? If he had difficulty discerning what was said during the proper part of the video that was properly admitted, how can we now on appeal say, without any indication in the record that the court considered these statements at all, that the court also considered those statements? We don't know if he clearly heard those statements. So you're asking us basically to close our eyes to that evidence, which was clearly admissible, but because it was not considered by the trial court, we may not consider it at all. I'm asking you to find that the state has a burden. My client guilty beyond a reasonable doubt. They know what evidence they have to produce. But ownership is not a prerequisite. It is only a factor, correct? You just talked about that earlier. Absolutely, Your Honor. So why are the other factors insufficient? I mean, given the standard that we have to reconsider all the evidence in the light most favorable to the prosecution, et cetera. Let's see if this was a rational decision by this trial court. First of all, you know, obviously resolving this issue is very fact specific, and we look at the cases say that there are factors to consider, and I agree they're not exhaustive. And it can't be exhaustive because, of course, every case is fact specific. No, we understand that. I'm asking for some specifics here. Right. So here are the instructive factors that were listed in People v. Davis. It's whether the defendant was in the driver's seat, whether the defendant possessed the incubation key, whether the defendant's alone in a car, and whether the defendant's locked inside and excluding others from controlling it. And, again, as I said, although you don't have to be behind the driver's seat for actual physical control, at least the IPI defines it as being in the vehicle. So you have cases like I.N. where the defendant is pushed. Sleeping in the back seat in a sleeping bag is? In the vehicle. I know, but that you think is more persuasive than somebody standing right next to the open door? I mean, first of all, the evidence is not that he was standing next to the open door. He was moving back towards the back of the car. But on the driver's side of the car. Right. And there was time for he and the other person at the scene to switch positions. It doesn't mean that he necessarily – it doesn't show – you have to make the inference that just by virtue of him being outside the driver's side door, that made him in actual physical control of the vehicle. And an inference isn't evidence. You know, you can't – an inference doesn't prove beyond a reasonable doubt. Wait, wait, wait. A reasonable inference doesn't prove something beyond a reasonable doubt? The reasonable inference has to come from a proven fact. Right. So the proven fact is he's outside. The proven fact is when you first made contact with the defendant, where was he in relation to the vehicle? Answer. He was walking from the open driver's door to the rear of the vehicle. Right. I mean, walking from the open driver's door. And also his cell phone was in the console. I know Diethard's stuff was in the console too, but his cell phone was in the console too. But even if you look at the court's finding on this issue, the court basically just found that, you know, under the circumstances of this case, even from that inference, that Mr. Cox was more potentially in physical control than Diethard. And more potentially is not proof beyond a reasonable doubt. That's a close enough standard. That's a close enough standard that doesn't have the reasonable and moral certainty that Mr. Cox and only Mr. Cox was in actual physical control of the vehicle. Well, must it be shown that the defendant was the only person who could have exerted control? I don't believe that I've read that in any of the cases. That's correct, Your Honor. I don't think there's any cases that have dealt with this. But I don't know any cases also that have said that you can have joint actual physical control. I mean, I would analogize it almost to you. Well, that's defined as someone who could have exerted control, right? But if you have two people who equally can exert control, do you have beyond a reasonable doubt that one of them actually exerted control? If one of them is charged and the other one isn't, yes. The charge is probable cause to charge someone. That doesn't prove beyond a reasonable doubt that the person is. No, but you're looking at the evidence with respect to this one person. You know, and I guess I would point you to, there's a case that both of, we both cited to, it's called Nemiro. And in that case, there was a car crash. The defendant was found slumped behind the driver's side of the wheel. Within two minutes of the crash, someone saw a passenger leave the car. The defendant argued that he was not in actual physical control, that they couldn't prove that he was in actual physical control of the vehicle. And in that case, you know, and then when the police arrived shortly thereafter, the defendant was still behind the driver's side wheel, slumped behind the driver's side wheel. And even in that case, where the court ultimately found that there was actual physical control, the court said, we agree that this case evidences some poor preparation on the part of the State's Attorney's Office and that more could have been done to link the defendant to the car. Questions might have been to the witnesses which would have clarified the situation or produced greater evidence of Nemiro's control over the vehicle. Here we have so much less. We have the defendant outside of the driver's side of the car. That's it. There has to be more that links him to actual physical control of the car, that he exerted actual physical control of the car. If this wasn't enough in Nemiro, I mean, if they thought that that was a close case where you literally have the defendant slumped over the driver's seat after an accident, I don't know, and here where we have the court saying, not that, you know, he has moral certainty that it was my client, but just that it was potentially more possible that it was my client. That is not proof beyond the reasonable doubt. In Nemiro is where we got the language. The issue was did the defendant have the capability or potential to operate the vehicle. That's the issue. It's not the only issue, though, Your Honor. Yes. I mean, in every case, that's the issue of why, you know, you don't have to necessarily prove driving, but you have to prove actual physical control. But in every case, there is more than just proximity to the drivers outside, being outside the car, and especially if this would have went to a jury, the jury would have instructed that you have to find them in the car. The jury would have watched the video and found your client guilty. And they also could have asked for a non-IPI, which many, many cases have since. You know, the IPI cites cases from 1987 and 1986, and the law has substantially developed in the area of actual physical control since then. And many cases have found that the non-IPIs were proper statements of the law since then. So, I mean, the State certainly could have. Well, certainly the cases that have been cited in the State's brief and in our brief, there is not one case that finds in these circumstances where the court finds that the defendant was not proven, the State failed to prove that he was the driver of the car. And all that we have is a State defendant outside of a vehicle, outside on the driver's side of a running car. There is no case without any other evidence that he's the owner of the car or some other link to show that he is the one who would exert actual physical control of the car. There is no case that has found that that is sufficient for actual physical control. So, with all that, Your Honors, I would ask that this Court reverse this trial for its finding of guilty in this case. Thank you. You'll have time for rebuttal. Thank you. Ms. Kuhn. Good morning, Your Honors. Good morning, Counsel. May it please the Court, my name is Katrina Kuhn, and I represent the State in this appeal. Let me ask you a quick question. Was Diethard guilty of DUI, too? Your Honor, Diethard was not charged. No, I know, but I'm just saying, well, let me ask you this. Was Diethard in actual physical control of that vehicle when the officer rolled up? Your Honor, the State would argue that Mr. Diethard was not in actual physical control. The testimony placed Mr. Diethard on the passenger side of the vehicle. Defendant was seen. Actually, one of the officers, I believe Deputy Brower, testified that individuals were exiting the vehicle, which implies that Deputy Brower saw Defendant get out of the driver's seat. At the very least, the evidence establishes that Defendant was standing at the open passenger door, I'm sorry, excuse me, at the open driver's door, and the truck was running, the lights were on. It's clear that this is a course of events that's just taking place. Do we know how long after the 911 call that that observation was made? The motorist who made the 911 call stated that he waited outside the RV park for the officers for a few minutes. I believe that the officer testified it was maybe 5 to 10 minutes by the time they pulled up behind the truck in the RV park, so it was a matter of minutes. However, the vehicle was running, the truck was, the radio was on, the headlights were on, there was wet gravel on the tires, it was clear that this was something that had just been happening, and the individuals were standing right outside the vehicle, so clearly they, you know, it could be implied or inferred that they had just gotten out of the vehicle. Could you address Defendant's argument that we cannot consider the Defendant's statements on the video because the trial court did not expressly rely upon them during his findings? Yes, Your Honor. The State is not, first of all, the State is not raising the issue of ownership on appeal. The State is not presenting new evidence on appeal. The Defendant has brought this appeal challenging the sufficiency of the evidence to prove Defendant's guilt beyond a reasonable doubt, and the Defendant expressly argues that no evidence was presented, among the arguments that the Defendant makes in their brief, is that no evidence was presented that the Defendant was the owner of the truck. The State is allowed to respond to that. The State is not raising new evidence on appeal or a new legal theory on appeal. All of this evidence was before the trial, in fact. Did the State not concede that there was no evidence of ownership? Your Honor, the State's argument, the State's remarks in the record, and actually before that, Your Honor, the officers testified I believe five times in their testimony and referred to it as Defendant's vehicle with no objection from the defense whatsoever. And the trial court did not make a finding that Defendant owned the truck, which does not prevent this Court from considering the evidence in the record. Wait a minute. I thought there was an objection. Yes, Your Honor. During argument, and the trial court said there has been no evidence presented of ownership, and the State agreed with that. Yes, Your Honor. That is an accurate statement of the record. It appears from the full review of the record that there were some other moving violations charged against the Defendant, and the trial court was differentiating that ownership aspect from the actual physical control, which is a different analysis which does not necessarily require proof of ownership. So I don't believe that this Court cannot review the evidence and find evidence of ownership, even if this Court elects not to consider evidence of Defendant's ownership. The remaining evidence is very strong, and I would argue overwhelming, of Defendant's actual physical control of the vehicle. Defendant's argument about the video is that the video was offered for a limited purpose to show the performance of the field sobriety test, not for purposes of the Defendant's admission of ownership. Correct? Yes. And that's accurate. Is it not? It was offered for a limited purpose? No, Your Honor. The video was offered for a limited purpose, correct? The State does not concede that point. The squad car dashboard camera video, Exhibit 3, was admitted into evidence in its entirety. The State never objected, or there was no discussion of any limited purpose of the video. The State argues that this Court can consider the full video as being admitted into evidence. Your Honors, the State also argues, I'm sorry, the Defendant also argues that the State is presenting a new theory of guilt. The State is not presenting a new theory of guilt. The State was required to prove Defendant's actual physical control of the vehicle. The State did prove that element, and Defendant is now challenging that evidence on appeal. As this Court is well aware and has recognized this morning, in seeking affirmance, the State can advocate and raise any argument in support of the judgment, as long as the factual basis for that determination is in the record on appeal. And I argue that the factual basis for the determination of ownership is in the record on appeal. Again, in responding to the Defendant's argument this morning, the State points to evidence that's contained in the record to support Defendant's conviction. That is not equal to presenting a new theory. Ownership of a vehicle is not a new theory of actual physical control. If ownership of a vehicle was a theory of actual physical control, it would in and of itself prove actual physical control. Ownership is not even necessary to actual physical control. So by arguing that the State, that the record also contains evidence of ownership, we're not changing out the theory, we're not presenting a new theory. We are simply marshalling all the evidence as we can to support the judgment of the trial court. In the cases that you relied on, Davis, Naperville, Ion, in those cases, wasn't the Defendant actually either in the vehicle or in Ion? The Defendant was pushing the vehicle, but the keys were on him and there was no one else there. I mean, aren't those cases distinguishable from the situation we had here? Your Honor, the Defendant, there is some testimony that the Defendant was standing outside the vehicle. Like I said, the deputy drawer testified that individuals were getting out of the vehicle, which would have placed the Defendant in the driver's seat. The Davis factors are, was the Defendant in the driver's seat? Did the Defendant possess the ignition key? Was he alone and were the vehicle doors locked? Even Davis itself recognized that those factors are not always determinative or present in every case. Right. Those factors, the answers to those questions here would be no as to each one of them. Well, the Defendant, it could be argued the Defendant possessed the ignition key. There was an ignition key in the vehicle, but it could be argued that he also had one on him. But that's if we allow the video, but excluding the video for a moment. Yes, Your Honor. Right. You know, I'd also like to point out that actual physical control, as the trial court found, also includes the capability of exercising control. I believe the trial court made a comment like he could have gotten right back in the vehicle or he could have gotten in the vehicle and driven it. That is also a consideration. You know, the DUI statute, 501A2, the language of the statute actually says an individual shall not drive or be in actual physical control, which indicates that you don't need both. And actually, actual physical control kind of can certainly encompass not driving, not even driving. In the IM case, the Defendant was, I believe this was the case where the Defendant was standing outside the car, pushing it if the car was disabled or something, and he was found to have been able to exercise control of the vehicle and therefore found guilty of DUI. Again, this video was properly before the trial court, and this court reviews the judgment of the trial court and not its reasoning, and the evidence before the trial court is not being presented for the first time on appeal. In the case, Papal v. Clinton, on which the Defendant relies, in arguing that the State is somehow trying to extend the factual record before this court, in that case, the State, after oral argument, and attached to a petition for rehearing documents that were not in the trial record, and correctly, the trial court, the appellate court said, you can't do that. You can't attach documents that aren't in the record on appeal. This clearly is not the same as Clinton. The evidence in this case was before the trial court. This is not the case of the Defendant presenting new evidence on appeal. The Defendant cites Lucas to say that our consideration of the video would be a due process violation. What's your response to that? Your Honor, I would argue that this would not be a due process violation. There was no stipulation as to what the video entailed. The video was properly admitted evidence that was viewed by the trier of fact. If the Defendant, you know, the concept of waiver applies just as equally to defendants as does the State. Defendant, the trial court clearly stated more than once, I believe at least twice, that it would be viewing the video outside the presence of the parties, and the Defendant did not indicate any objection to that. In fact, clearly defense counsel set a record on page 125. I don't have an issue with that. Your Honor, the State can argue the evidence that was in the record, and by Defendant focusing on the ownership issue, it's kind of a red herring because the State at trial did not belabor the proof of ownership point because it really didn't need that to show visible control. It really didn't need to present that evidence. Even if this Court elects not to consider any of Defendant's admissions to the ownership, the State presented overwhelming evidence that Defendant was in actual physical control of the vehicle. As we've discussed, Defendant need not even be seen in the act of driving. Here, the testimony was that Defendant was exiting the driver's seat. The trial court could reasonably have interpreted Defendant's position as being one of actual physical control. The trial court also reasonably rejected the Defendant's representation to the officer that Defendant told the officer he'd been at the RV park all night listening to music. Well, the trial court could clearly reject that given the fact that the truck had clearly been driven recently and was on, and the motorist who called 911 saw the truck drive into the RV park. There was no other individuals standing around. There were no other vehicles with their headlights on at 1245 in the morning. So the trial court was free to find Defendant guilty. Your Honors, in my remaining time, I would like to just respond to the Defendant's assertion that this court should draw negative inference from the absence of any testimony from Mr. Diethard, who was on the passenger side of the vehicle. The Defendant argues that this court should presume from the absence of Mr. Diethard's testimony or anything about him that his testimony would have been unfavorable to the State. Now, the State asks that this court consider this case on the evidence that was presented and not the evidence that wasn't presented. In the case on which Defendant relies, which is Pupil v. Duskin, the court actually declined to make that inference because there were other witnesses who gave clear testimony regarding the event. This court has declined to make that inference where the passenger was equally available to the defense as a witness. So no inference should be drawn. Inferences are not evidence. This Court is not, you know, required to accept Defendant's suggestion that the passenger may be driving. If Your Honors have no more questions. Thank you. Your Honors, the only element of the UI that was contested by the Defendant was the evidence of actual physical control, which this State, again, argues is very strong and not overwhelming. The State asks this Court to consider the credible testimony of the motorist who followed the Defendant's vehicle, and the two police officers, and the reasonable inferences to be drawn from that evidence and affirm Defendant's conviction for driving under the influence of alcohol. Thank you. I'll make this into three points. I just wanted to talk a little bit about this idea of Detective Brower's testimony that he actually saw, you know, Mr. Cox and Mr. Dehart exiting the vehicle. Deputy Wall was the one who testified, and Deputy Brower was in the passenger's seat. And she said when they arrived, the Defendant was standing outside the driver's side of the vehicle. This is on 105-106. The driver's door was open. I would say he was standing near the passenger side door on the driver's side where the extended cab is. And then Detective Brower or Deputy Brower on direct said when they first made contact, the Defendant was walking from the open driver's side door to the rear of the vehicle. Now, on cross, he said that they found the exact matching description of the vehicle, and he added, and there were individuals that were exiting the vehicle. There was open beer in the car as well, correct? There was, Your Honor. And how many open beers were there? I'm sorry. I don't know that detail, and the reason I'm— I'm just asking because your client had an odor of alcohol in his breath, correct? Yes. And beer was in the car. Was there any evidence that Dehart was drinking or had consumed alcohol? When defense counsel tried to ask that, her objections to her questions were sustained, so there was no evidence. So there was no evidence, but there was evidence that there was alcohol in the car. Your client had an odor of alcohol in his breath. We're not contesting that he was under the influence of alcohol. No, I know. I'm just saying that there is an inference that the alcohol that he consumed may have been that alcohol that was in the truck, right? Right, but it could have been. It could have been. It could have been Dehart. It could have been before or whatever. And it could have been. There's an inference. It's still a fair inference, right? It's an inference, yeah. But the court actually found that because he found that there was insufficient evidence to prove that the defendant was the driver, he also found that it was insufficient to find that he transported the liquor. So he found him not guilty of that offense as well. And I will say that the trial court's findings specifically were that the defendant was outside the truck with the truck running with the headlights on. He said nothing about the defendant exiting the vehicle. And on the motion to reconsider, he said, I agree with the defendant's recitation of the facts, which was that Wohl saw the defendant on the driver's side toward the rear of the car outside. Nothing about exiting the vehicle. So if the trial court – are you saying that the trial court found that that testimony was incredible? I mean, how are we supposed to do that? Because, again, we have the trial court saying, I agree with the defendant's recitation. But then we have this concept that we can affirm on any basis of the record. And Brower's testimony is certainly more explicit than the other officers' testimony as far as tying your client to the driver's side, the driver's compartment. And I would say that the trial court's findings are a result – the trial court's the one who weighed the credibility of the witness. And the trial – this is a factual finding the trial court made. And so we defer to the trial court's finding that the evidence showed that the defendant was outside the truck, you know, walking towards the rear with the car running. That's what I would – how I would answer that question. That doesn't really conflict with Brower's testimony, does it? Pardon me? Does the trial court's findings – The description given by Mr. Bergen, who witnessed the car. And then as I afterthought, he said, and when we approached, they were exiting the vehicle. But previously on direct, his testimony is actually consistent with Deputy Wall's, which is when we approached, the defendant was outside on the driver's side, walking towards the rear. He was walking from the open driver's door to the rear of the vehicle. Exactly. Yes, yes. So that was the finding of that. I just wanted to clarify that. You know, the state argues that, you know, they can marshal all the evidence that they want to on appeal. But this is – you know, the state's burden is down below to prove their case. And it's the state's burden down below to present the evidence. And there is just – again, I'm not going to belabor. It's all in the record. You can read the state's closing argument. You can read defense counsel's closing argument. You can read the trial court's findings of fact, of what happened. There is just no reference at all to any statements as linking the defendant to the truck. And it is not for this court to fill an evidentiary vacuum of the state's own doing. That is not the role of the appellate court in a reasonable doubt argument. So you would caution the state, watch the video before you go to trial? If the state wanted to use those statements, they had every opportunity to. If the state wanted to bring in proof of who the owner was, they had every opportunity to. This was a poor presentation of the state's case. And they should not get a do-over on appeal for that. So we would just ask that this court reverse the finding of the trial court because the state's evidence was insufficient. Thank you. The court thanks both parties for your arguments today. The case will be taken under advisement. A written decision will be issued in due course. The court stands adjourned. Thank you.